Good afternoon, and may it please the court. My name is Jacqueline Tanner. I represent the FDIC in this appeal. The FDIC's involvement in this case arises out of its role in its corporate capacity as the primary federal regulator of over 4,000 state banks and its interest in protecting the confidential reports of examinations that it produces and owns. The district court's remand order here effectively gives a state court, and in this case a state court judge, who repeatedly refused to recognize this interest, the last word on the FDIC's access to federal court, essentially shutting the door to the FDIC's right to manage cases. Do you agree that if the FDIC had acted earlier and had asked to intervene, this would all be academic? The FDIC waited and I think tried its best to stay out of this case and thought that it had reached a resolution, a practical resolution of the issue which would allow the case to proceed in state court without the further involvement of the FDIC. I think, I don't know that there's anything else the FDIC could have done. As I read the record, the judge denied the FDIC's request for an expedited determination on the intervener's status, but never actually ruled at that point on a denial. Is that correct? The judge, in denying the request for an expedited consideration, effectively denied any meaningful review. Did the judge ever deny intervener's status or did the judge deny the motion for expedited determination? Well, the judge himself characterized his action as a denial of intervention. We cited in the brief to a portion of the transcript of a hearing in which the judge questioned the FDIC's lawyer and said, didn't I deny your right to come into this case? And the FDIC's lawyer agreed. So how would you determine, I mean, what does the statute mean then if 90 days says you get 90 days on removal when you're either a party or whether a proceeding is filed against the FDIC or the FDIC is substituted as a party? So how do you give any meaning to those words if you could just say, well, I guess they don't want me to be an intervener, so as of today, that's day one, but it doesn't have anything to do with the statute? Well, I think we have to look at the other portion, the first portion of Section 1819B-2. Section 1819B-2a, which provides the FDIC, any case to which the FDIC is a party is deemed to arise under federal law. So that would provide jurisdiction and removal authority. Once the FDIC is made a party. That provides jurisdiction, but that doesn't tell you anything about removal. In other words, we have cases that arise under the laws of the United States, EEOC and other things, but that doesn't tell you anything about removal. Well, our position here I think turns on what the definition of a party is for purposes of Section 1819B-2a. So you're saying you're a party even though a right to intervene has not been granted? Well, the issue here is twofold. Does the statute envision that a state court can act as the gatekeeper over the FDIC's party status, which everyone agrees, including the appellee, confers automatic jurisdiction on the FDIC, automatic federal jurisdiction over the FDIC? Let's take it back the other way. Let's assume you never asked the state court to permit you to intervene. Is it the FDIC's position that under the statute has indicated that you are a party for purposes of removal? No, Your Honor. Our position would be that as soon as the FDIC, by filing a motion to intervene and arguing that it has significant interest in an action, the FDIC becomes a party for purposes of Section 1819B-2a. So you're saying that you don't want the state court to be the gatekeeper. Correct, Your Honor. You've got to file a motion with that gatekeeper, and regardless of the result, you're a party. Is that what you're saying? For purposes of that statute. Once the FDIC removes based on that status, based on the filing of a motion to intervene, then it is the job of the federal district court to determine whether the motion was well-founded. But it's the filing in the state court, which you refer to as the gatekeeper. In this case, yes. Yes, Your Honor. That gives you that status. And then the district court. But you're saying that basically is once you file and are denied, you're a party. We're saying once you file. Then we would take once you file and once you're unreasonably denied, which is what the Sixth Circuit test is. Well, which is it, whether you file or whether you're denied? Well, it could be either. The Sixth Circuit. How would you know when 90 days would be? Well, the timing is not an issue here. It is. It's an issue on how you interpret the statute. Because we can't go making up rules just because, well, here there wasn't a 90-day problem. If we make up a rule that says once you file a motion, you're a party, then the 90 days runs. Or no, once you're denied, it makes a big difference. Well, the treatment that we're suggesting or the interpretation that we're suggesting would give meaning to the statute as this court has interpreted to give the FGIC the broadest possible access. So tell me what your position is. Is it on filing? Could you wait for the question? Is your position upon filing or upon an unreasonable denial? We would prefer upon filing because we think it's a more practical approach. Upon filing also comports with what the courts have done in the substitution area where the FGIC substitutes for a failed bank as the receiver. The Seventh Circuit, in the case that we pointed out in our brief, has held that once a notice of substitution is filed in the state court, the clock starts ticking. Does it require? That's the Heaton case. No, that is the Buskowski case out of the Seventh Circuit, which involves substitution and not intervention. Right. And that's a different situation. Somewhat different. Because if you were substituted, hands down, you're a party. Well, the issue there was, and the issue has arisen, whether the state court must grant the motion to substitute. Does that start the clock ticking or does the notice, the filing of a notice, start the clock ticking? And the answer is the filing of a notice in both the Seventh Circuit and the Eleventh Circuit. So would you point me to where on the record you think that the state court actually denied the motion as opposed to saying that you really didn't meet the ex-party emergency standard? Well, the court on, let's see if I can, I'm looking at page 117 of the record excerpts. It's transferred to the hearing where the court is discussing with Ms. Andrews, the FDIC's counsel, his disposition of the motion to intervene. And he says, Ms. Andrews says, we have not been granted leave, Your Honor. The court says, in other words, it's right sort of towards the bottom of the case. In other words, you've been denied leave, right? Ms. Andrews, we have been denied leave. Well, the court says we have, and maybe it's a mixed up here, it says the court says we brought our ex-party and it was denied. Well, but earlier he says, isn't it correct that your client is not a plaintiff in intervention in the sense that it has never been granted leave to amend, which means leave to amend the complaint. So I read that to say, well, at this stage of the state proceedings, you're there on an ex-party emergency motion. And at that point, that's true. You are not yet a party because you haven't been granted leave. Well, no, this hearing took place after the FDIC had already removed. Right, but they're actually clarifying as saying, this hearing was not in connection with. Page 16 and 117? Yes. So it just says you haven't been granted intervener status. Yes, we brought our ex-party and it was denied. But before then, I think the court indicates that he had effectively denied the intervention motion. And where are you looking? Still on page 117, where he says, isn't it correct that your client is not a plaintiff in intervention? That has never been granted leave. Right, leave to intervene is what he meant by that. Right, and that was true because the only, at that point, the only. But then later he construes that as having been a denial. In other words, you've been denied leave, right? Which suggests that's what he meant to do by denying the expedited hearing. I guess it's just a question of how you interpret the transcript. But in our view, I don't think it would really be, in the Sixth Circuit's view, the key to making the FDIC a party upon filing of the motion to intervene would be the denial. The Sixth Circuit has taken the position that it would make the FDIC a party in the event that the FDIC's interests were frustrated by an unreasonable denial. Tell me how the FDIC's interests are frustrated. If this case is sent back to state court, the bank may not disclose the records, right? The bank would be subject to severe sanctions if it did not disclose the records in the current state. Can you just answer my question? Certainly. The bank is not allowed to disclose the records. That's correct. Okay. So it seems to me that's the end of the FDIC's interests. The bank will not disclose the records. At that point, if it moves to disclose the records, presumably the FDIC can take action against it. At that point, the bank will suffer sanctions, and those sanctions are appealable to the state courts and eventually to the U.S. Supreme Court by way of social order, right? Well, but the outcome would be it would be shutting the... Yes or no? That's correct, but the... State trial judge here abuses discretion in, I mean, the decision not to allow the FDIC to intervene would be reviewable in the state court at that point on appeal, right? And then eventually in the U.S. Supreme Court. The problem would be... I'm asking you a question. Yes or no? We could appeal a denial of intervention through the state court. The bank. And you could, I guess you could deny appeal the denial of intervention as well. The fear would be... Why isn't that an adequate remedy? The fear would be that in the interim, the documents would be disclosed. They're in the bank's possession and would turn up on the Internet. It's subject to regulation. The bank will not disclose documents when it's prohibited from disclosing it. If it suffers sanctions as a result of that, that's just the way it goes. They can't do something illegal. If releasing the documents is illegal, it's not going to release them. You know, bad things will happen to it as a consequence of that, but just, you know, then they have an appeal to the Court of Appeal, to the California Supreme Court, and eventually the U.S. Supreme Court. If it's bad enough, it seems to me the Supreme Court will grant cert and get involved. Well, Your Honor, the FDIC became involved in this case because the bank's appeal within the California court system had been rejected. There was an appeal. Yes, Your Honor, there was. There was a written mandate. You're saying that the next appeal would be an appeal of the sanction order. There was no appeal. Don't argue with me. There was no appeal. There was a written mandate. A written mandate is reviewed just like a written mandate in federal court. It's reviewed subject to abuse of discretion, and all manner of presumptions go in favor of denying relief or in favor of the action of the trial court. This doesn't say anything at all about what the Court of Appeal would do if it got the matter on direct appeal with squarely presented on an appellate issue. That's an avenue of relief, right? That's certainly an approach, yes. There also could be a third-party subpoena to the FDIC, correct? That only works where you're in a federal court proceeding. Why? It's just the way our regs work. Tell me. I'm in a state court, and I issue a discovery 30B6 notion under state procedure, which essentially comports with federal procedure, and I say to the FDIC, please show up and bring these records along with your custodian of records next Friday, you know, in Los Angeles, California. What's wrong with that? And you've got procedures under CFR as to how it says you can disclose under court order, subpoena, et cetera, right? Well, our position would be that we would respond to a subpoena if it were issued by a federal court but not one that's issued by a state court. The proper method for obtaining our documents, if you're a state court litigant, is to come to us with a request under Part 309, which is what happened here, and we were willing to release a redacted portion and worked with the parties to ultimately resolve this discovery issue. Where does it say that you can't respond to a state court subpoena? What are those regulations? We take the position that we're not subject to state court subpoenas. We get to the same point. Can we just take it in different stages, though? Is there somewhere in these disclosure regulations, 12 CFR, approximately 309, et cetera, that says all this subpoena and other language that only applies if you get a federal court subpoena? I have to go back and look at the regs more carefully. I just know it's our practice that we will respond to Part 309 requests from state court litigants, and the documents belong to us. I understand that. And we will only disclose subject to protections and subject to— Right, but it doesn't say anything about federal court protections. I mean, 309.6 and all these disclosures by the General Counsel read very reasonably about all the things you can do to make sure stuff doesn't end up on the Internet, as you suggest. But I don't see anything about federal. So in that case, I guess, if you were concerned, could you have filed a declaratory judgment action in federal court vis-a-vis these records? I suppose we could have. I mean, we took this approach because we thought it was the most direct approach, protecting these particular documents. We were so close to reaching a resolution when the sanctions motion was filed, and then there was a refusal to withdraw it that, you know, we just felt we were very close to coming. Can I understand the sticking point, if you will? At this point, is your sticking point with the plaintiff's counsel or with the state court on the conditions under which certain documents would be disclosed? Well, it began as a— Where is it now? Now it's with the state court. The state court, we had worked out a resolution in the Ninth Circuit, which the state court refused to effectuate, even though the parties both wanted it. I guess they didn't much like being told what to do. But this was something the parties asked him to do. It wasn't—I mean, he could have— I understand. He could have taken that position, that he wasn't doing it on the instructions of the federal court. He was doing it because the parties both agreed. I understand. And that would have resolved the issue entirely. Our whole concern is, I mean, these reports are sensitive. Releasing them could expose bank customers and borrowers. There are private information. There are Social Security numbers in there. There are confidential examiner opinions. They could be misconstrued. That's the point that the chief made a minute ago, was it not, that the bank could be sanctioned for releasing those documents were they to do so. It could also be sanctioned for failing to release them in the state court. And then the barn door would close too late. And you've got the deck relief approach that Judge McKeown talked about. I mean, basically here, what you're proposing, it seems to me, almost reads the 90-day rule into oblivion. How do you apply that? Well, you would apply it when the FDIC becomes a party. Yeah, but you're saying you become a party basically whenever you file a paper with this gatekeeper that you disdain. When you file a motion to intervene, and then the district court, and then you remove, and the district court and not the state court gets to determine. This is before even the state court rules. When you go down to file a paper, you immediately remove. For purposes of comedy, a denial, you know, we could, but I think it would be a neater and more practical rule to allow. And it bears the weight, you know, the words bear the weight. I mean, party, as this court has said, and other courts have said, has an ordinary meaning, but it can be interpreted to further the purposes and give effect to the purposes of Section 1819b. I think we'd have to, you know, the argument you make makes sense to me. But it almost seems like I'd have to amend the statute to get there. So it begins on the date action suit or proceeding is filed against the corporation, substituted as a party, or the corporation files a motion to intervene in a state action. That's kind of the point. Well, I guess there is some tension between, in the case of an intervener, because it doesn't seem to be explicitly mentioned in the statute, but it's certainly well within the scope of the statute. The remand question is a jurisdictional question. Once the FDIC is in federal court, is a party, then there is jurisdiction in federal court. So, I mean, you could take the Heaton approach. Is it exclusive? It's at the, the FDIC can choose, and Congress sought to channel these cases away from state courts into the federal court. But you can choose. We can choose. So, I mean, right there, it goes to this point that when you get federal court jurisdiction and it's not exclusive, all the jurisdictional part of the statute is saying, as I read it, is it arises under. So we're not going to argue over whether you can get into federal court. You can, but that undercuts the fact that you have, in effect, dual jurisdiction here. It undercuts your argument that you must be in federal court in order to effectuate your regs. What is your response to that? We only became a party, or we only tried to become a party here, because our interests were being disregarded. It's not our practice to look around for cases in which to stick our noses in. When did the FDIC become aware of this issue? Once the California Appellate Court denied the bank's appeal, the bank contacted us. And then we worked with. So, but under your rule, if we were to try to, we need, you say it should really be the day you file your motion for intervention. If that were the case, your 90 days, you would be out your 90 days. So instead. I don't think that's right, Your Honor. The timing was very quick. Once the, we filed our motion as soon as, and we filed the motion for expedited consideration. Once that was denied, we removed it. We were well within 90 days from the time. What if you had gotten the answer of the state court, or at least you believed you'd gotten the answer and it was 93 days, you'd be out of luck then or not in your view? Possibly. But the likelihood that the FDIC would wait on its own past 90 days is very minimal. I mean, when we're interested in a case and we think our interests are being thwarted, we act quickly. That wouldn't be the problem. So in this case, you're saying you got notice some point after the court of appeal denied the written mandate? How soon afterwards? I think quite soon. I think the denial was in July, and by August we were in the midst of negotiations with Ms. Allen. When did you file the removal motion?  We asked the parties to enter into a stipulated protective order concerning the use of the documents we were willing to disclose or to provide, and the state court denied the first version of that. We were in the process in November of reworking the order to address some of the state court's concerns when a motion for sanctions was filed against the bank. At that point, when it became clear that the motion wasn't going to be withdrawn, we moved to intervene. And that was sometime in late November. By early December, after the court had denied our motion to expedite the consideration, we had removed the case because we really had no recourse. We felt we had no other recourse. When was the removal motion filed? I asked you that question and you went through it. It was filed in late November. Late November. So you became aware of the case in July? Yes, but we thought we were in the process of coming to a resolution without having to join. You would think that, but the point is July, August, September, October, November. You know, you're looking at more than 90 days. But we didn't file our motion to intervene until it was clear that our interests were going to be disregarded in this case, or were very likely to be disregarded. We had no basis, really, for filing a motion to intervene because we thought, as I said, we're not in the practice of joining in cases. We almost never, the circumstances almost never arises because courts usually respect our regulations and we provide the documents and they're subject to a. . . Good afternoon, judges. My name is Dan Graham. I represent the plaintiff and appellee in this particular matter. Briefly stated, Your Honors, there's simply no statute, no federal common law, no state law that would in any fashion support the arguments raised in the issues now before, placed before this court by the FDIC. Zero. Cases cited by the appellant originate, the genesis of which seems to be from the state court argument forward, relied upon a Fifth Circuit court called Heaton. Heaton is clearly distinguishable because Heaton, contrary to the site quoted in the appellant's brief, the FDIC was acting as in its corporate or receiver capacity. Here the FDIC is operating under no capacity. There are no insurance, there are no bank deposits at issue. There's no administration at issue. And more importantly, under the provisions of 1819, which has been repeatedly cited, the FDIC is not a party to this action. The FDIC has never been sued. Well, I think that the FDIC, while they cite Heaton, I thought that in the brief and the argument really were looking more at the Sixth Circuit case of Oakwood, which was the state court saying, well, I mean, excuse me, was the federal court saying, you know, the state court can't wreak havoc with FDIC intervenor status at its whim, and if it's unreasonable, then you ought to be able to remove. What's your response to that Oakwood case? Yeah, in the Village of Oakwood case, the court clearly stated that the Fifth Circuit, Heaton, placed the intervention cart before the jurisdictional horse, quote, unquote. It did not adopt in any fashion the Heaton rationale. It rejected it. Heaton, I had problems with trying to figure out how it even fit in here, because there the FDIC wasn't the removing party. Somebody else removes it, and then once it's in federal court, the FDIC tries to become an intervenor. Because of the bank deposits at issue there, which they were insuring. Which not really, Heaton doesn't seem to me to resolve anything, because we don't really have the FDIC trying to get into federal court. Right. The other party just in a normal course removed it to federal court. I agree. Under your view of the matter, how does the FDIC protect itself? Take this situation. I know you agree that they were not a party, therefore they can't remove. But what does it do to protect its interest in your view? Well, I can only tell you, Your Honor, I received a phone call from Boston and Washington, D.C. with about three FDIC attorneys and six or seven state regulatory attorneys from the state of Massachusetts threatening all sorts of things as to what was going to happen to me if I didn't agree to eliminate, basically withdraw my motions. So that's all I can tell you. I complied with everything that the FDIC required, including the CFR requirements. Forgive me, Counselor. You're not answering my question. The FDIC has said, Hey, we've got some legitimate interests here. We're really concerned about them. Members of the panel have suggested that perhaps there's protection because the bank cannot reveal information without being subject to sanctions. There was a suggestion that maybe the FDIC could go to the federal court, seek a declaratory relief, protect its interest. What's your position? If you're correct that since the FDIC was not a party, it hadn't received the permission of the state court, it can't remove. So how does it protect its interest? It clearly has interest here, does it not? As a supervising agency for state banks in this context? No. Okay. I say that with all respect. Okay. And this is a wrongful termination action. And my client happened to be a vice president of one United Bank. The FDIC chose to enter into, make an appearance in state court, voluntarily, nobody invited him. They came in, they submitted to the jurisdiction of the state court. So how do they protect their interest? And I say they have no interest to protect. So you're saying because this is a wrongful termination action, it's really a state cause of action, the feds have nothing to do with it, and we're creating them. Well, not so fast because what you're, let's be honest, what you're saying is that she got terminated because they were playing hanky-panky with the federal banking and state banking laws. So, therefore, you want to look at audits and these regulatory type oversight documents, which are quite sensitive. Isn't that what you were asking for? Yes. Okay. Aren't those squarely, at least with respect to the federal banking documents, within the province of the FDIC? Let me go back to Judge Smith. Judge Smith made the statement that the FDIC was denied intervention. They were never, ever denied intervention. Judge Sohigian denied, as Judge McKinnon has pointed out, basically an application made ex parte on very short notice. The FDIC thereafter filed a formal motion to have that very issue determined by the state court judge. That motion was set for January 3. On December 6, they removed the action, so there was a hearing on December 7, and the judge couldn't rule on the matter. So the state court judge did not deny anything other than the ex parte. That's true. But going back to my question, this has a lot to do with banking because of your allegation of this violation of lending practices, and the way you want to show that, I assume, is that this retaliation was because, in fact, there was some kind of discrepancy or problem, and you want to get these federal documents, right? Yes. And the FDIC can protect itself had it stayed in federal court and made these arguments to the state court. I'm sorry, the state court. Thank you very much. Stayed in state court, had its motion heard before Judge Sohigian, the state court judge, and made further application for whatever appropriate protective order or confidentiality that they wanted applied to these reports. They chose then, in my view, to go forum shopping. So let me just ask you, let's say there's a little bit of bad blood here between the state and federal court and, you know, who's on first. So if this is sent back to the state court and then presumably they reactivate their motion, say we want to intervene, and the judge says no, and then says, Mr. Bank, you have to turn over all this stuff, which we know is actually in your files, and you must turn it over, doesn't that then implicate the FDIC's ability to give these documents the kind of protection that is required under the federal regulatory law? No. Why not? I mean, they can ask the state court for any protective remedies that they want. I don't know if the state court is going to grant it or not grant it. Number one, they have to grant them party status. They have to grant it. Well, what if they don't? The parties come and present the stipulation. The parties come and present the stipulation. The judge says no, go away, I'm not going to do it. Isn't that a pretty good indication that he's not prepared to provide any relief? Well, you still have the bank to ask for the same remedies. The bank's the party. I thought the bank did. The bank did not. The bank basically opposed the original motion of July 7, 2010. The bank was not involved in the stipulation, too? When the parties went back to? There was a stipulation that was proposed during the course of this appeal. That's the only stipulation I'm aware of. Before that, there was an agreement that certain documents may be produced if I withdrew the motion because there was a motion for sanctions, similar to what Your Honor has made reference to earlier. And the judge said no? The parties, that includes you, right? You presented this to the state judge. The party said no to? The judge said no. The judge said no to entering the stipulation, correct. Isn't that a pretty good indication that he's not going to grant any relief? No, because that is when – I can't speak for the state court judge, Your Honor. Well, I understand. I'm not asking you to speak for the state court judge. You're saying, you said, I think you said something like, we don't know what the state court judge will do if they ask him to do this. And I said, isn't that a pretty good indication? They come there with an unopposed, with an agreement basically saying, modify your order, we all agree. And he says no. Isn't that pretty much it? Doesn't that tell us what the judge will do? Because he was asked to do it. He was told that everybody agreed to do it. And he said no. I would say no. It's not an indication of what the state court judge will do or not do. If he didn't do it when the parties came to him with an agreement, what reason is there to think that he will do it when the FDIC comes in with a motion? What they had a motion, and the judge specifically says, you've deprived me, speaking for the state court judge, of the ability to rule on that motion. They had the motion there. They chose not to go forward with it. That was their choice. I think we're comparing apples and oranges. Is the judge at that point speaking on the motion for intervention? No. He's speaking on the protective status? Correct. Okay. I want to do it on an opposed motion, and I'm offended by the fact that the parties stipulated this? Sounds kind of nuts to me. Well, it certainly modified the state court judge's order. And basically the state court judge says the writ was filed, denied, so let's get on with the litigation. Let's get the matter to trial. It's a pretty good indication they're not going to get any relief if we send them back there. I'm sorry, Your Honor. It's a pretty good indication that they're not going to get any relief if they send them back there. Well, maybe they will, maybe they won't, Your Honor. I don't know. I just know that they had the motion there, and they chose not to go forward with it. Judge Sohigian clearly indicated that you, the FDIC, have deprived me of the right of the ability to rule on that motion. Most judges are glad when the parties agree on stuff, you know. I can't disagree with that, Your Honor. Let me ask you about the meaning of it. Is he so hungry for things to rule on? He's, well. Let me ask you about the meaning of it. Well, we're kind of curious, but we understand why you might not want to. Let me ask you about the meaning of 2B. This indicates that the corporation, meaning the FDIC, may without bond or security remove any action, suit, or proceeding from a state court to the appropriate United States District Court for the end of the 90-day period beginning, and this is the key here, on the date the action, suit, or proceeding is filed against the corporation. Now, that didn't happen here, right? Correct. No one filed against them. Yes. Or the corporation is substituted as a party. Now, they take the position that by filing a paper asking to intervene that they become a party, but they're not being substituted as a party, here are they. They are not, Your Honor. They could be added as a party under their construction, but they're not being substituted. And there's no authority that allows them to be, quote, unquote, added a party in the facts presented in this particular matter. I mean, it's not a receivership type situation. Right. Absolutely. So the word substituted here may have some significance, right? I'd say it'd have great significance, Your Honor. There's no ñ who are they substituting for? Yeah. That's really where the FDIC takes the position of the bank that is no longer functioning, right, in the receivership capacity. Yes, sir. And my only last comment, Your Honor, I would, and I don't know if this is made clear in our appellate debrief, but we would presume the right from age of fees should the court rule in the appellee's favor. Thank you very much, Your Honor. Thank you. Would you like a minute for rebuttal? Just one final point. Under 1819b2a, if the FDIC as a party status confers federal jurisdiction, we would suggest that under general removal authority, the FDIC would have the ability to remove if it were within the 30 days also, but would not be foreclosed from removing if it chose to do so under, you know, if the court interpreted B to apply only when the FDIC substitutes or is named as a party. You agree that there's no substitution involved here? This is different from substitution. Right. So now you're saying you would remove under the normal? Well, we certainly would have the right to do that. And what would be your status for removing under? That would, again, turn on the definition of a party. Okay. Under that particular? Under 2a. Under 2a. Yeah. Right. And we met the requirements for removal under the general statutes here, too. We did it within 30 days and we met all. Thirty days of what? Of our filing of a notice of a motion for removal. For intervention, I'm sorry. For our notice of intervention. This is different than what you argued in your. Well, I was thinking about it and it seemed to me that if Congress has provided that the FDIC is a party, the party status confers federal jurisdiction, there ought to be a way. I get your point there, but in your brief, you did not take this approach, right? Actually, I think our brief did not mention the source. We were focusing more on the party language than we were on the removal. Right. So you want us to basically abandon 2b for purposes of our consideration? It's certainly one alternative. But you're not substituted. We're not substituted. I agree with that. We could be deemed to have been named as a party. So you would under 1819-2a or under the section 1300 series or 1400 series, which is your normal federal removal, which one should we look at? Well, we think that maybe in the case of intervention, it could be either, depending on whether the court wanted to interpret b, the filing of an action, as applying in intervention cases. But if it didn't want to go that far, we certainly would have the ability under a as a party that confers jurisdiction. There are limitations to the general removal statutes that we're not subject to in the other circumstances, but we'd be willing to go there if that's the way the court could. All we're really asking for is that our interest be determined in federal court. And even if the federal court decides we don't have sufficient interest to warrant intervention, then, you know, that's what happens. Well, let me just go. I'm looking at the reason I asked you is I'm now looking at 1441a, which is a general removal statute. And forget the time period thing. But it talks about any time in which there's original jurisdiction, which you would qualify for. Yes. May be removed by the defendant or the defendants. So in that case, we wouldn't be looking at the word party, but we would be looking at the word defendant. And I'm having a little trouble figuring out how you are a defendant here. Well, we're the plaintiff is seeking something from us. We're certainly not the plaintiff. But that's true of many discovery actions as well. There are problems with it. That's why I think it would be certainly possible to construe Section B as covering this intervention circumstance too, just in the same way that in Bullion and Kirkbride, the court was willing to construe the statute to provide broad access to the FBI. Okay. Thank you. Thank you. Okay. Just allow you to stand for a minute.
judges: Kozinski, McKeown, Smith